# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1917 | **DATE** | 3/1/2001 |
| **CASE TITLE** | Salmanis vs. American Postal Workers Union, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Motion of defendant United States Postal Service for reconsideration is granted, and having reconsidered, denies the motion of United States Postal Service for summary judgment [17]. This Court's memorandum Opinion and Order of February 22, 2001, is hereby vacated. A substitute opinion will follow.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | JD | | |
| | Mail AO 450 form. | | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/1/2001 | |
| MD | courtroom deputy's initials | 01 MAR -1 PM 5:25 | date mailed notice MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYDIA V. SALMANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 00 C 1917 |
| | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| AFL-CIO, a national labor organization, | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| AFL-CIO NORTHWEST ILLINOIS AREA | ) |
| LOCAL NO. 7140, a local labor organization, | ) |
| and UNITED STATES POSTAL SERVICE, | ) |
| a federal agency, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant, the United States Postal Service ("USPS") has filed a motion to reconsider the court's Memorandum and Order ("opinion") of February 22, 2001 denying the USPS's motion for summary judgment on Count I of plaintiff Lydia Salmanis' hybrid claim under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The USPS asserts that two corrections to the court's opinion are needed, the first relating to the statute of limitations and the second relating to the breach of collective bargaining agreement. After reviewing the opinion and relevant case law, the court grants the motion for reconsideration, vacates and modifies its opinion as to both issues, but concludes that the denial of summary judgment is still appropriate.

1



A motion for reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Regretfully, the court concludes that reconsideration is needed in this case in several respects.

I.  Statute of Limitations

The USPS argues that reconsideration on this issue is proper because the court's decision was outside of the issues addressed by the parties, namely that in its February 22 opinion, the court found that the six month statute of limitations began to run upon the issuance of the settlement check to Gladys Edwards even though plaintiff had not disputed USPS's contention that the date of settlement was the operative date. *See* Mot. for Reconsideration at 4. The USPS then argues that even using the date the check was issued to Ms. Edwards, March 5, 1999, plaintiff's claim is still time-barred because she did not sue until March 30, 2000 and, the USPS argues, plaintiff has presented no evidence from which a reasonable fact finder could find due diligence. *Id.* Upon reviewing the parties' briefs filed on the motion for summary judgment, the court concludes that reconsideration of this issue is proper although not due to consideration of issues outside of those addressed by the parties as asserted by the USPS, but rather due to the court's misapprehension of the law.

2

Contrary to the USPS's contention, plaintiff's response to the USPS's motion for summary judgment indicates that plaintiff did in fact dispute whether the settlement date was the date on which her claim accrued. Plaintiff argued (a) that under *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999), a cause of action accrues "not only when a decision has been rendered on a grievance, but also when a plaintiff discovers or in the exercise of reasonable diligence should have discovered the wrongful act,"[1] and (b) because she discovered the wrongful act in October, 1999, her claim accrued at that time. Clearly, then the parties presented a dispute, not of fact, but of law. Plaintiff focused on the language that her claim accrued when *she discovered* it, *see* Response to USPS's Mot. for Summary Judgment at 15, while the USPS focused on the exercise of reasonable diligence, the "*should have discovered*" language. *See* Reply at 11. The "discovery rule" on which the parties rely appears to be derived from *Richards v. Local 134, Int'l Bhd. of Elec. Workers*, 790 F.2d 633, 636 (7th Cir. 191986), which the Seventh Circuit in *Chapple* quoted. *Richards*, in turn, relied upon *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983) and *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983). In *Metz*, the Seventh Circuit stated: "[T]he limitations period begins to run '. . . when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation].'"[2] *Metz*, 715 F.2d at 304.

---

[1] Plaintiff's Response to USPS's Mot. for Summary Judgment at 15. The exact language from *Chapple* is that a section 301 claim "accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Chapple*, 178 F.3d at 505.

[2] Although literally read, the quotation from *Chapple* and *Richards* suggests that the party asserting the bar has to prove either the injury (in those cases, a final decision) or discovery, the context in which the cases using this language are decided make that interpretation absurd. *See*

3

The court, in its opinion, questioned whether the settlement date was the appropriate date of accrual because the union could arguably have corrected its mistake up until the time the proceeds were paid to the wrong person, and therefore held that plaintiff was not injured until that time. As to when the plaintiff's claim accrued for statute of limitations purposes, the court assumed, as argued by USPS, that it accrued at the same time as the injury and treated the reasonable diligence question as one of equitable tolling. Finding that a reasonable jury could decide that she had acted diligently, the court denied summary judgment, deferring the question of timeliness to trial. Upon reconsideration, the court is not persuaded, as USPS continues to argue, that plaintiff's claim accrued at the date of settlement and that equitable tolling applies.[3] Neither can the court adhere to its own view that it accrued when Ms. Edwards was paid (now stated to be March 5, 1999).

Because accrual includes not only injury but the discovery of it, the dispositive question here is whether plaintiff, had she exercised reasonable diligence, would have discovered her injury sometime before October 1999. *Noble v. Chrysler Motors Corp.*, 32 F.3d 997 (6th Cir.

---

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 449 (7th Cir. 1991) ("Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date–often the same, but sometimes later–on which the plaintiff discovers that he has been injured."). Suffice it to say, both elements must be present for accrual and it doesn't matter which came first: The claim accrues on the date of discovery or the date plaintiff should have discovered her injury, unless the injury is later.

[3]In the Title VII context, *Cada*, 920 F.2d at 450, teaches that accrual occurs upon the "making and communication to" plaintiff of the adverse employment action. Equitable tolling is invoked where the plaintiff claims lack of reason to know that the adverse employment action was also illegal: "It differs from the [discovery rule] in that the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Id.* at 451.

4

1994), gives helpful guidance: "The determination of the accrual date is an objective one: 'the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.'" *Id.* at 1000, quoting *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987); *see also Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994) (noting in § 1983 suit that "An objective inquiry into the facts must be made to determine when a plaintiff should have discovered its injury."). Even though it is plaintiff's burden to show that she comes within the discovery rule,[4] the USPS has not shown that it is entitled to summary judgment on the record. All of the USPS's arguments regarding plaintiff's diligence have to do with inquiries she did not make from July 1995 through October 1999, but for most of that period the USPS has not explained how such inquiries would have led her to discover an injury that had yet to occur, at the earliest in December 1998 or later in March 1999. Thus, cases such as *Metz*, on which USPS relied in its motion for summary judgment, are readily distinguishable. In *Metz*, the court attributed to the plaintiff knowledge of her injury — the union's failure to file a grievance on her behalf — before actual notice to plaintiff where the collective bargaining agreement provided that the union must file a grievance within 5 days of plaintiff's request and once filed the union had approximately 23 days to process the grievance to a final decision or elect arbitration. The court rejected the argument that the union had to give actual notice and said, in substance, that she should have inferred from the circumstances

---

[4] *See Zapp v. United Transp. Union*, 879 F.2d 1439, 1441 (7th Cir. 1989) (in applying discovery rule in a 301 case, court noted that plaintiff has burden of showing she falls within discovery rule) (citing *Clift v. UAW*, 818 F.2d 623, 629 (7th Cir. 1987)) *and Cathedral of Joy Baptist Church*, 22 F.3d at 717 (§ 1983 case) (same).

5

(namely, that under the contract provision the time to elect arbitration had arrived), certainly before six months passed after her discharge, that the union would not pursue a grievance. The court also noted that the plaintiff had not alleged that she was misled by the union as to its not filing a grievance on her behalf. *Metz*, 715 F.2d at 304. *See also Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (similar fact pattern and holding). Here, the USPS makes a similar argument that plaintiff knew that her own grievances were normally resolved in about one to two months but made no inquiries from July 1995 through October 1999, nearly four years. The record demonstrates, however, that plaintiff did make inquiries at or about the time a normal grievance should have run its course and was told that the matter would be resolved later – that is, before they paid anyone. *See* USPS 56.1 Statement, ¶¶ 57-59 (and plaintiff's deposition referenced therein). The objective facts stated in a light favorable to the plaintiff do not establish that plaintiff should have inferred that the grievance had been either settled or paid.[5] For these reasons, the court concludes that USPS is not entitled to summary judgment on the issue of whether plaintiff's suit is time-barred.

---

[5]*Compare Chapple*, 178 F.3d at 506 (plaintiffs admitted that were aware of letter months before limitations period had expired and once they knew of letter they had ample time to file claims based on it; further plaintiffs did not explain why letter could not have been obtained sooner); *Barlow v. Am. Nat'l Can Co.*, 173 F.3d 640, 644 (8th Cir. 1999) (even though grievance was not filed on behalf of plaintiffs, plaintiffs were charged with knowledge that their local unions had filed grievances to clarify their rights *and* it was undisputed that union made effort to explain settlement agreement to their members, therefore, it was incumbent upon plaintiffs to file within six months of the settlement agreement); *Cathedral of Joy Baptist Church*, 22 F.3d at 718 (public announcement of meeting on zoning permit, front page article in local newspaper concerning upcoming vote, plaintiff's motivation to determine when action would be taken and plaintiff's failure to make inquiry demonstrated lack of reasonable diligence to come within the discovery rule).

## II. Breach of Collective Bargaining Agreement (CBA)

The USPS also argues that reconsideration on the breach of collective bargaining agreement issue is proper because the court's decision went outside of the issues addressed by the parties when it found that the pertinent breach of the collective bargaining agreement was Article 37, Section 3.F.1.a., which was not identified or pursued as a breach by the plaintiff in her complaint or memorandum. Upon reviewing the parties' briefs filed on the motion for summary judgment, the court concludes that reconsideration of this issue is proper although not due to consideration of issues outside of those addressed by the parties as asserted by the USPS, but rather due to the court's misapprehension of the law.

In its opinion, the court had perceived the focus of the USPS and the plaintiff in their briefs on the issue of the alleged breach of the collective bargaining agreement regarding posting a vacancy notice within 21 days to be misplaced because that alleged violation had been settled by the grievance and, applying notions of claim preclusion, concluded that the grievance merged into the settlement and could not be revisited. *See* Mem. Opinion at 15. However, upon further review, it is clear that in claims under section 301 doctrines of finality of grievance and arbitration proceedings apply only where there has been no breach of the duty of fair representation. *See DelCostello*, 462 U.S. at 164 (while normally court is bound by result according to finality provisions of the collective bargaining agreement, where union breaches duty of fair representation such rule works unacceptable injustice and in such instance "an employee may bring suit against both employer and union regardless of outcome or finality of grievance or arbitration proceeding"). Thus, where a breach of such duty is alleged, and where, as here, plaintiff has survived summary judgment on a breach of this duty, the finality of the

7

settlement is not binding on her. Rather, the plaintiff is given the opportunity to pursue her original claim of breach of the CBA, before the court rather than through the grievance arbitration process. The court will, therefore, reconsider the arguments raised on the motion for summary judgment.

The USPS argues that plaintiff's claim must fail because she cannot establish an actionable breach of the collective bargaining agreement. Plaintiff's primary contention regarding breach is that the USPS violated CBA Article 37, which requires the USPS to post vacancies within 21 days. The USPS first suggests that there is no breach of this provision because the position was vacated in 1995 (when the computer recognized the vacancy) not 1993. However, USPS does not seriously develop this contention, and rightly so, since it argues in the same brief that Negron vacated the job in 1993. *See* Corr. Mem. at 9.[6] Thus, the USPS is left to argue that plaintiff cannot prove breach of the CBA because the conditions precedent (timely filing of the grievance, for example) were not met. Primarily, the USPS argues that the union's filing of the grievance in 1995 when the position was vacated in 1993 was untimely under the CBA. Because the CBA provides that any grievance initiated by the union must be initiated "within fourteen days of the date the Union first became aware of (or reasonably should have become aware of) the facts giving rise to the grievance," CBA, Art. 15, the USPS contends that notice to the union of Negron's being placed in job number 7583576 on June 25, 1993 and notice shortly thereafter of Negron's being placed in another job should have alerted the union that job number 7583576 was vacant.

---

[6]The Step 2 denial letter from USPS states, "The system then reported that there were two jobs vacant, *one of which was left vacant since 1993* . . . ." (Emphasis added).

8

The court finds that the USPS's own statement of undisputed facts raises an issue of fact with respect to what the union should have known. If, as the USPS argues, the union "should have known" of a vacancy merely by *receiving* two award notices back to back, then one may question why the USPS, the *generator* of the award notices, did not know in 1993. The USPS Step 2 denial letter nearly concedes that USPS did not know: "This error in the computer system did not come to our attention until Negron bid out of his [second] position." The issue here, of course, is whether the union, not the USPS, had reason to know, and the court leaves that issue for trial.

The USPS also argues that plaintiff cannot establish that she was qualified for the job. The USPS points to Art. 37 of the 1995 CBA definitions:

> Currently Qualified. Possessing a live record on all of the qualifications for a posted duty assignment, including scheme and/or the ability to key at the appropriate speed and accuracy on the appropriate keyboard, such that the employee can assume the posted duties of the duty assignment without the need for a deferment period.
>
> Live Record. A record of qualification which makes an employee qualified, for bidding purposes, on a particular scheme, skill, or other qualification requirement. A live record begins when an employee qualifies on the requirement. Its duration is as follows:
>
>> 1. Except for positions listed in Section 3.F.7, a live record lasts for two years after the employee ceases to perform the duties which require the skill.
>> ***
>> 3. A full-time regular or part-time regular employee is considered to cease performing the duties which require a skill when the employee no longer holds a bid requiring the skill.

CBA, Art. 37, Sec. 1. K & L. The USPS argues that plaintiff was not qualified under these definitions because plaintiff became a review clerk on June 25, 1993, she ceased working as an

9

FSM on that date (prior to that she was FSM having taken FSM job in 1983) and did not start the FSM job number 7583576 until over two years after she ceased to perform the prior FSM job. Although this argument has some force, the USPS fails to show there is no genuine issue of fact with respect to whether plaintiff was "qualified." The USPS's own statement of material facts shows otherwise. For example, the USPS's asserts that *Edwards* was *senior bidder* for the job and was assigned the position "qualification pending" but was unable to qualify and on June 30, 1995, but that *plaintiff* was sent a notice indicating that she was the *successful bidder* and held the job effective July 8. *See* USPS 56.1 Statement, ¶¶ 35-36 (emphases added). The USPS also references elsewhere in its 56.1 Statement a CBA provision, 37 Sec. 3.F.1., to assert that the bidder with the most seniority is awarded the position. *See* USPS 56.1 Statement, ¶ 11. Section 3.F.1. provides, in full:

> Within 10 days after the closing date for the posting . . . the installation head shall post a notice listing the senior or successful bidder(s) and their seniority date(s). *The senior qualified bidder meeting the qualification standards for the position shall be designated the "successful bidder."* If a deferment period is required, the employee will be designated the "senior bidder."

CBA 37 Sec. 3.F.1. (Emphasis added). Thus, the USPS's own admission that plaintiff was "successful bidder" and not calling her "senior bidder" as it had Edwards, viewed in light of the CBA provisions, at least raises the inference that plaintiff was qualified for the position. Therefore, the court concludes that the facts viewed in a light most favorable to the plaintiff raise an issue of material fact as to plaintiff's qualification for the position. For these reasons, summary judgment on the breach of collective bargaining agreement claim will be denied.

10

## CONCLUSION

For the reasons explained above, the court grants the motion to reconsider, and having reconsidered, denies the motion of USPS for summary judgment. This court's memorandum opinion and order of February 22, 2001, is hereby vacated. A substitute opinion will follow.

ENTER: _____
United States District Judge

Date: March 1, 2001